# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KEILERSON DAYNER TORREALBA-GONZALEZ,

    Petitioner,

v.                                                                                    Civ. No. 2:26-cv-00760-JB-KRS

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## ORDER TO ANSWER AND ENJOINING PETITIONER'S TRANSFER OUTSIDE THE DISTRICT

THIS MATTER is before the Court *sua sponte*.[2] On March 13, 2026, *pro se* Petitioner

Keilerson Dayner Torrealba-Gonzalez's ("Petitioner") filed his Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1). Petitioner is a citizen of Venezuela who is currently

detained at the Otero County Processing Center, in Chaparral, New Mexico. *See* (Doc. 1 at 1, 3).

Petitioner has been in custody since February 26, 2025, and challenges his prolonged detention.

*See* (Doc. 1). Petitioner states that due to the political and diplomatic situation in Venezuela that

---

[1] The Court will add the above-mentioned parties as Respondents in this case. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

[2] The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). (Doc. 4).

his removal is not reasonably foreseeable. (*Id.* at 3-5). Petitioner states he is seeking asylum, but does not clarify if he has applied for asylum. (*Id.* at 5). He further claims he has not received an individualized bond hearing under Section 1226 and, as of February 19, 2026, his removal order to Ecuador, a third country, are both in violation of his due process rights.3 (*Id.* at 2, 4-6). Petitioner seeks an order directing Respondents to immediately release him, or, in the alternative, provide him with an immediate hearing before an Immigration Judge. (*Id.* at *7*).

Having conducted an initial review of the Petition, the Court finds the Petition raises a colorable challenge to detention. Petitioner filed his Petition under § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for Respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from Respondents. The Clerk's Office has electronically served a copy of the Petition on all federal respondents by Notice of Electronic Filing ("NEF") using the Case Management and Electronic Case Filing ("CM/ECF") system. *See* (Doc. 2); Standing Order

---

3 Petitioner's appeal deadline is March 23, 2026. (Doc. 1 at 14).

2

Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). Therefore, the United States Attorney's Office ("USAO") must answer the Petition within **ten (10) business days** of **entry** of this Order and show cause why the Court should not grant the requested relief. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Under similar circumstances, this District has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos*, No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). The Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Petitioner, who intimates he has resided in the United States for some time prior to detention. *See gnerally* (Doc. 1); *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases concluding "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have resided in the United States for several years). Respondents must demonstrate why this case's specific facts or procedural posture warrant a departure from the Court's prior rulings. The answer must also address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. Petitioner may file an optional reply within **ten (10) business days** after the answer brief is filed. The Court will determine whether a hearing is necessary once briefing is complete.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct an immediate hearing in accordance with its prior rulings on this issue.

The Court will also grant Petitioner's Motion to Proceed *In Forma Pauperis*, (Doc. 3), which reflects he cannot prepay the habeas filing fee.

Pursuant to the All Writs Act, Respondents are enjoined from transferring Petitioner outside this District without prior approval from the Court while this proceeding pends. 28 U.S.C. § 1651(a); *see Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025). If a final removal order is entered, the USAO can ask the Court to lift the injunction.

**IT IS THEREFORE ORDERED** that:

1. The United States Attorney's Office must answer the Petition within **ten (10) business days** of **entry** of this Order and show cause why the requested relief should not be granted. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider. If Respondents file a motion to dismiss, they are warned that the Court *will* construe it as an answer to the Petition, and grant or deny habeas relief without ordering a further answer. **If Respondents fail to timely answer, the Court may proceed to rule on the Petition without further notice**;

2. If Petitioner wishes to file an optional reply, he must do so within **ten (10) business days** after Respondents' **response is filed**;

3. The Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court;

4. Respondents must **immediately** alert the Court if any changes to Petitioner's detention or his immigration proceedings would affect the outcome of this habeas case;

5. Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; and

6. The Clerk's Office shall **UPDATE** the case caption to match the party Respondents

added/substituted via this Order.

**IT IS SO ORDERED** this 17th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE