## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KEILERSON DAYNER TORREALBA-GONZALEZ,

     Petitioner,

v.                                                                 Civ. No. 2:26-cv-00760-JB-KRS

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

     Respondents,[1]

## <u>ORDER TO ANSWER</u>

THIS MATTER is before the Court *sua sponte*.[2] On March 13, 2026, *pro se* Petitioner

Keilerson Dayner Torrealba-Gonzalez's ("Petitioner") filed his Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1). Petitioner is a citizen of Venezuela who is currently

detained at the Otero County Processing Center, in Chaparral, New Mexico. *See* (Doc. 1 at 1, 3).

Petitioner has been in custody since February 26, 2025, and challenges his prolonged detention.

*See* (Doc. 1). Petitioner states that due to the political and diplomatic situation in Venezuela that

---

[1] The case caption lists Current Secretary and Pamela Bondi as Respondents. The Court directs the Clerk to replace Respondent Current Secretary with Markwayne Mullin, the current Secretary, U.S. Department of Homeland Security, and Respondent Pamel Bondi with Todd Blanche, the current Attorney General of the United States. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

2  The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). (Doc. 4).

his removal is not reasonably foreseeable. (*Id.* at 3-5). Petitioner states he is seeking asylum, but does not clarify if he has applied for asylum. (*Id.* at 5). He further claims he has not received an individualized bond hearing under Section 1226 and, as of February 19, 2026, his removal order to Ecuador, a third country, are both in violation of his due process rights.[3] (*Id.* at 2, 4-6). Petitioner seeks an order directing Respondents to immediately release him or provide him with a hearing before an Immigration Judge. (*Id.* at *7*).

On March 17, 2026, this Court directed Respondents to answer. (Doc. 5). On March 31, 2026, federal Respondents answered timely. (Doc. 7). On April 7, 2026, Petitioner replied. (Doc. 8). On May 26, 2026, Petitioner, without leave of the Court or Respondents' consent, filed an Amended Petition. (Doc. 9). Petitioner's Amended Petition raises new arguments that Respondents are purporting to detain him pursuant to 8 U.S.C. § 1225(b)(2), a statute that requires mandatory detention for "arriving aliens" who are "seeking admission" before an "examining immigration officer" at the border or port of entry. (*Id.* at 3). Petitioner further seeks immediate release or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents bear the burden of justifying Petitioner's continued detention by clear and convincing evidence. (*Id.*) Finally, Petitioner raises additional Due Process violations under the Fifth Amendment pertaining to the conditions of Petitioner's detainment. (*Id.*)

Having conducted a review of the Amended Petition, the Court concludes that Petitioner's claims raised in the Amended Petition must be resolved on a full record, including an amended answer from Respondents.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the federal Respondents shall respond to the Amended Petition and **SHOW CAUSE** why the requested relief should not

---

3 Petitioner appealed his removal on March 9, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (*last visited June 8, 2026*). The parties' appeal briefs are due June 12, 2026. *Id.*

2

be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Respondents are reminded that this District has already decided the issues presented by the Amended Petition and granted the relief Petitioner requests here. *See Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos*, No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), *report and recommendation adopted* No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); *Lopez-Romero v. Lyons*, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing);  *Singh v. Noem*, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); *see also* Order Granting Petition for Writ of Habeas Corpus, *Zhao v. Castro*, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).

In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases concluding "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have resided in the United States for several years); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); *Barco Mercado v. Francis*, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United

3

States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Respondents must demonstrate why this case's specific facts or procedural posture warrant a departure from the Court's prior rulings. The amended answer must also address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Amended Petition without further notice.** If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed. The Court will determine whether a hearing is necessary once briefing is complete.

**IT IS SO ORDERED** this 8th day of June, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE