**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEILERSON DAYNER TORREALBA-GONZALEZ,

      Petitioner,

v.                                      No. 2:26-cv-00760-DHU-KRS

WARDEN, Otero County Processing Center;
FIELD OFFICE DIRECTOR, U.S. Immigration and
Customs Enforcement (ICE); DIRECTOR, U.S. Immigration
and Customs Enforcement (ICE); and SECRETARY, Department
of Homeland Security (DHS),

      Respondents.

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Keilerson Dayner Torreabla Gonzalez's *pro se* Amended Petition for Writ of Habeas Corpus ("Petition"). Doc. 9. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Venezuela who entered the United States without inspection on August 23, 2021. Doc. 1 at 10; Doc. 7 at 1-2; Doc. 7-1 at 2. Petitioner was subsequently detained by immigration officials, issued a Notice to Appear, and released on his own recognizance. Doc. 7 at 1-2; Doc. 7-1 at 2. Following his release, Petitioner was issued a second Notice to Appear, which charged him as noncitizen present in the United States without being admitted or paroled. Doc. 7 at 2; Doc. 7-2 at 1.

On February 26, 2025, Petitioner was arrested by the Miami Dade Schools Police Department in Florida on charges related to a firearm on school property and damage to property. Doc. 7 at 2; Doc. 7-1 at 2. The next day, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody. Doc. 7 at 2; Doc. 7-1 at 2.

1

On August 19, 2025, Petitioner had a bond hearing before the El Paso SPC Immigration Court, Immigration Judge Michael Pleters ("IJ Pleters"). Doc. 7 at 2; Doc. 7-3. At the bond hearing, IJ Pleters granted Petitioner's release upon the payment of a $7,500.00 bond. Doc. 7-3 at 1. The Department of Homeland Security ("DHS") appealed the bond decision. One month later, on September 19, 2025, IJ Pleters revoked Petitioner's release on bond, finding that he lacked jurisdiction. Doc. 7-4 at 1.

Petitioner was subsequently transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 at 1. While detained, Petitioner filed an Application for Asylum. Doc. 7-5 at 1.

On February 19, 2026, Petitioner had a hearing at the Otero Immigration Court, where DHS filed a Motion to Pretermit Petitioner's Application for Asylum. *Id.* The IJ granted the Motion and entered an Order of Removal to Ecuador. *Id.*; Doc. 7-6 at 3. On March 9, 2026, Petitioner timely appealed the granted Motion and Order of Removal to the Board of Immigration Appeals ("BIA"), which remains pending. Doc. 7 at 2; Doc. 7-7 at 1. Petitioner's Order of Removal is, therefore, not final. *See* 8 U.S.C. § 1101(47)(B) (noting that an Order of Removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order"); *see also* 8 CFR § 1241.1(a) ("An order of removal made by the [I]mmigration [J]udge at the conclusion of proceedings under [S]ection 240 of the [Immigration and Nationality] Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

Petitioner subsequently filed the instant Amended Petition, where he argues that his detention is governed by 8 U.S.C. § 1226(a) because § 1226(a) governs "immigrants who are already physically present within the United States and are arrested in the interior of the country"

2

and that he is, therefore, entitled to a bond hearing. Doc. 9 at 3.[1] He requests a Writ of Habeas Corpus ordering Respondents to immediately release him, or, alternatively, ordering Respondents to provide him with an individualized bond hearing. Doc. 1 at 7; Doc. 9 at 3 (referencing the previous relief requested).

Respondents' position is that Petitioner is subject to 8 U.S.C. § 1225(b)(2)(A) and, therefore, not entitled to a bond hearing. *See* Doc. 7 at 4; Doc. 13 at 2 (incorporating the arguments made in response to Petitioner's original Petition). Respondents, however, also concede that courts in the jurisdiction "have found that a noncitizen who has been present in the United States for years without being admitted are not seeking admission as required by [§] 1225(b)(2) and are, therefore, entitled to a bond hearing under [§] 1226(a)." Doc. 7 at 4; Doc. 13 at 2 (incorporating the arguments made in response to Petitioner's original Petition).

The INA contemplates two detention regimes for noncitizens with pending removal proceedings. The first, 8 U.S.C. § 1225, "governs the processing of noncitizens at the Nation's borders and ports of entry." *Santillan Quiroz v. Mullin*, __F.4th__, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (internal quotation marks and citation omitted). This includes noncitizens subject to expedited removal under § 1225(b)(1) and certain applicants seeking admission into the country under § 1225(b)(2). "[A] noncitizen is 'seeking admission' when he takes some kind of

---

[1] Petitioner also appears to argue that his Order of Removal is final, that he has been in immigration custody for a period exceeding fourteen (14) months without being removed, and that his removal is not reasonably foreseeable. *Id.* at 2. He also challenges the conditions of his confinement. *Id.* at 3. As mentioned previously, Petitioner's Order of Removal is not final. Unfortunately, a habeas action is also not the appropriate avenue for challenging conditions of confinement; a civil rights action is. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the *fact* or *duration* of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [] attacks the *conditions* of the prisoner's confinement." (internal quotation marks and citation omitted) (emphasis added)). Accordingly, the Court declines to address these two additional claims of error in this Order.

ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. Accordingly, the "only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* at *7. Section 1225 mandates detention and affords no bond hearing. *Id.* at *3. (citing §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), and (b)(2)(A)).

The second, 8 U.S.C. § 1226(a), governs the detention of "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Id.* at *5. Section 1226(a) provides eligibility for bond and noncitizens detained under this Section are, therefore, entitled to an individualized bond hearing at the outset of detention. *Id.* at *3; *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018).

Here, Petitioner entered the United States without inspection on August 23, 2021, and was last detained over three (3) years later in Miami, Florida. Doc. 1 at 10; Doc. 7 at 1-2; Doc. 7-1 at 2. His detention is, therefore, governed by § 1226(a). Moreover, Respondents concede that courts in the jurisdiction "have found that a noncitizen who has been present in the United States for years without being admitted are not seeking admission as required by [§] 1225(b)(2) and are, therefore, entitled to a bond hearing under [§] 1226(a)." Doc. 7 at 4; Doc. 13 at 2 (incorporating the arguments made in response to Petitioner's original Petition). Petitioner is, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner as subject to § 1225(b)(2)(A), and refusal to provide him with a bond hearing, violated his rights under the INA.

The Court recognizes that, ordinarily, it would order a bond hearing to remedy the violation of Petitioner's rights under the INA. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n. 13 (citing *Requejo Roman v. Castro*, 816 F.Supp.3d 1267, 1285 (D.N.M. 2026)). Here, however, Petitioner had a bond hearing where, after assessing danger to the community and flight risk, IJ Pleters

4

ordered Petitioner's release upon the payment of a $7,500.00 bond. *See* Doc. 7-3 at 1. Additionally, Petitioner's release on bond was only later revoked due to a perceived lack of jurisdiction. *See* Doc. 7-4 at 1. Accordingly, given that this Court has broad equitable powers to craft habeas relief, *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992), and to dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243, the Court finds that the appropriate remedy in this case is Petitioner's immediate release upon the payment of the $7,500.00 bond previously found by IJ Pleters.

Accordingly, Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus (Doc. 9) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents immediately release Petitioner upon the payment of the $7,500.00 bond previously found by IJ Pleters.

**IT IS FURTHER ORDERED** that Respondents submit a report to the Court no later than Thursday, July 30, 2026, confirming Petitioner's release.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

5